IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MAGALY RIVERA | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv223 |
| UNITED STATES OF AMERICA | § | |

## ORDER ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Magaly Rivera, proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence. The court referred the matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends the motion to vacate, set aside or correct sentence be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. No objections were filed to the Report and Recommendation.

## ORDER

Accordingly, the proposed findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered denying this motion to vacate, set aside or correct sentence.[1]

In addition, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for granting a certificate of

---

[1]   While movant did not file objections, she did file an amendment to her motion to vacate. In the amendment, movant asserts her sentence should be reduced pursuant to an amendment to the United States Sentencing Guidelines. Claims based upon misapplication of the Sentencing Guidelines are not cognizable in a motion to vacate. *United States v. Guerrero*, 691 F. App'x 179 (5th Cir. 2016); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). If movant believes she is entitled to a sentence reduction as a result of the amendment, she is free to file a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in her criminal case.

appealability requires a movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making a substantial showing, the movant need not establish that she should prevail on the merits. Rather, she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slacke*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the movant has not shown that the issue of whether her motion to vacate is meritorious is subject to debate among jurists of reason. Nor has she shown that the merits of his grounds for review are subject to debate. In addition, the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not be issued.

**So Ordered and Signed**

**Dec 19, 2017**

_____

Ron Clark, United States District Judge